UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

_____

**This Document Relates to:**

*Doris Henderson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.,* No. 3:15-px-230-DRH-SCW

## ORDER

**HERNDON, District Judge:**

### I.   INTRODUCTION

This matter is before the Court on the plaintiff's motion for voluntary dismissal (Doc. 6) and Boehringer Ingelheim Pharmaceuticals Inc.'s ("BIPI") response thereto and cross motion to show cause why the above captioned case should not be dismissed with prejudice for failure to comply with Case Management Order Number 78 ("CMO 78") (MDL 2385 Doc. 519) (Doc. 7).

For the reasons described herein the plaintiff's motion to dismiss is **DENIED. FURTHER,** the Court finds plaintiff has failed to show good cause for failure to comply with the requirements of CMO 78. Accordingly, the matter is **DISMISSED WITH PREJUDICE**.

### II.   BACKGROUND

A. CMO 78

Page **1** of **6**

On May 29, 2014, the Court entered CMO 78. The provisions in CMO 78 are the result of an extensive mediation between the Pradaxa MDL Plaintiffs' Leadership Counsel and the Boehringer Defendants. The negotiations, supervised by the Special Master and this Court, were vigorous, at arm's length, and in good faith.

CMO 78 applies to all plaintiffs (1) with personal injury claims pending in this MDL at the time CMO 78 was entered and (2) who did not opt-in to the voluntary settlement program (by opt-in deadline of July 9, 2014), as well as (3) all plaintiffs with personal injury claims later filed in, removed to, or transferred to this MDL after the entry of CMO 78.

Pursuant to Section I.A. of CMO 78, plaintiffs are required to send a written notice to pharmacies and healthcare providers requesting preservation of records. CMO 78 also requires service of a signed certification verifying that all notices were sent as required. Sections II.A.- C. of CMO 78 require plaintiffs to produce a number of documents and things. Finally, Sections II.D. and E. of CMO 78 require that plaintiffs produce certain expert reports no later than thirty (30) days after the Opt-In Deadline, or by September 11, 2014.

Pursuant to CMO 78, defendants notify plaintiffs who are not in compliance with the above listed requirements. After receiving such notice, plaintiffs are given a certain amount of time to cure the identified CMO 78 deficiencies ("Cure

Period"). The Cure Period is <u>the only extension permitted</u> under CMO 78.[1] If the subject plaintiff fails to cure the identified deficiencies during the Cure Period, defendants "may file a Motion to Show Cause why the case should not be dismissed with prejudice." (Doc. 519 §§ I.D., II.G.). Upon the filing of such a motion, the plaintiff has "twenty (20) days to respond to the Motion and show good cause why the case should not be dismissed" (Doc. 519 §§ I.D., II.G.). "Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice." (Doc. 519 §§ I.D., II.G.).

**B. The Above Captioned Case**

The above captioned case was filed directly into MDL 2385 (in accord with CMO 7) on March 3, 2015. Due to errors in the filing, the Clerk's office struck the plaintiff's complaint and the plaintiff filed an amended complaint on March 4, 2015. BIPI filed its answer on March 5, 2015. Since plaintiff filed this action in the MDL after the entry of CMO 78, plaintiff is required to satisfy the requirements of CMO 78.

In accordance with CMO 78, counsel for BIPI sent plaintiff a CMO 78 Notice letter (with a copy of CMO 78 enclosed) on March 5, 2015. Accordingly, plaintiff

---

[1] CMO 78 states, in relevant part as follows: (1) as to Section I, "[a]ny Plaintiff who fails to fully comply with the requirements of Paragraphs A, B, and C above shall be provided notice of such failure by email or fax from Defendants' counsel and shall be provided fourteen (14) additional days to cure such deficiency ("Cure Period") to be calculated from the receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted unless agreed to by all parties"; (2) as to Section II, any plaintiff who fails to comply "shall be given notice of such failure by email or fax from Defendants' counsel and shall be provided twenty (20) additional days to cure such deficiency ("Cure Period") to be calculated from receipt of such notice of deficiency from counsel for the Defendants. No other extensions will be granted" (Doc. 519).

had CMO 78 deadlines on March 15, March 20, March 25, and April 5. Plaintiff did not comply with any of the March deadlines. Instead, on April 2, 2015, plaintiff filed a motion for voluntary dismissal without prejudice. While plaintiff's motion for voluntary dismissal was pending she failed to comply with the April 5 deadline and did not timely cure any CMO 78 deficiencies.

BIPI objected to the voluntary motion to dismiss and filed this cross motion to show cause in accord with CMO 78. BIPI contends the plaintiff's motion should be denied because her claims are subject to dismissal with prejudice for failing to fulfill the requirements of CMO 78.

### III.  ANALYSIS

Permitting a plaintiff to voluntarily dismiss an action without prejudice, under Rule 41(a)(2) of the Federal Rules of Civil Procedure, is a decision within the sound discretion of the district court. *See Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *FDIC v. Knostman*, 966 F.2d 1133, 1142 (7th Cir. 1992). A district court also has the discretionary power to deny a plaintiff's request to voluntarily dismiss a claim without prejudice. *Tolle*, 23 F.3d, at 177; *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1385 (7th Cir. 1993). Rule 41(a)(2) requires a plaintiff "to persuade the district court and to establish that voluntary dismissal is warranted." *Tolle*, 23 F.3d at 177.

As set forth in BIPI's cross motion, the plaintiff did not timely fulfill the requirements of CMO 78 or timely cure the CMO 78 deficiencies. In addition, the

plaintiff has failed to respond to BIPI's cross motion to show cause why plaintiff's action should not be dismissed with prejudice. The failure to respond, standing alone, is sufficient grounds for dismissal of the present action. (*See* Doc. 519 §§ I.D., II.G.) ("Any failure to respond to the Motion within the specified period shall lead to dismissal of the case with prejudice.")

As discussed above, the terms of CMO 78 require strict compliance. Pursuant to CMO 78, non-compliant parties are subject dismissal with prejudice absent a showing of good cause for the non-compliance. BIPI contends the plaintiff has failed to comply with the requirements of CMO 78 and the plaintiff has failed to respond. The Court construes plaintiff's failure to respond as an admission of the merits of BIPI's cross motion pursuant to Local Rule 7.1(c). Further, the plaintiff, who has not responded to BIPI's cross motion, has failed to establish good cause for noncompliance. Accordingly, the Court has no choice but to deny the motion for voluntary dismissal and dismiss the present action with prejudice for failure to comply with CMO 78.

### IV. CONCLUSION

For the reasons described herein the plaintiff's motion to dismiss without prejudice is **DENIED. FURTHER,** the Court finds plaintiff has failed to show good cause for failure to comply with the requirements of CMO 78. Accordingly, the

matter is **DISMISSED WITH PREJUDICE**.

**FURTHER**, the Court instructs the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 19th day of June, 2015.

Digitally signed by
David R. Herndon
Date: 2015.06.19
14:48:43 -05'00'

**United States District Court**